UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**REGGIE COLLIER**                                              **CIVIL CASE NO.**

**VERSUS**

                                                                              **24-710-JWD-EWD**

**GENERAL MOTORS, LLC**

<u>**RULING AND ORDER**</u>

    This is a civil matter involving claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and Louisiana state law for damages arising out of the purchase by Reggie Collier ("Plaintiff") of an allegedly defective vehicle.[1] Before the Court[2] is a Motion to Compel Discovery Responses ("Motion"),[3] filed by Plaintiff. The Motion was not timely opposed by Defendant General Motors, LLC ("GM"). For the reasons below, the Motion will be granted.

    Plaintiff timely filed the Motion on July 9, 2025,[4] asserting that Plaintiff propounded discovery requests to GM on December 11, 2024, which GM responded to on January 9, 2025. The Motion states that GM's responses are insufficient, and that GM has not produced any documents in response to the requests. The Motion further represents that the parties conferred about GM's responses beginning on April 15, 2025, and several other times, in accordance with

---

[1] R. Doc. 1.

[2] A magistrate judge may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *Tingle v. Hebert,* No. 15-626, 2017 WL 2543822, at *1 (M.D. La. June 12, 2017), citing *State Farm Mut. Auto. Ins. Co. v. Friedman*, No. 98-2918, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See Turner v. Hayden*, No. 15-2282, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *In re Tex. Bumper Exchange, Inc.*, No. 05-50305, 333 B.R. 135, 138 (Bkrtcy. W.D. Tex. Sept. 26, 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

[3] R. Doc. 14.

[4] R. Doc. 14. The fact discovery deadline was July 25, 2025. R. Doc. 13.

their Fed. R. Civ. P. 37 obligations, to no avail.[5]  A telephone conference was held on July 22, 2025 regarding the Motion.[6]

The parties conferred again before the telephone conference and resolved most of the issues, with the exception of GM's responses to Interrogatories 9, 10, and 12, and Requests for Production 3 and 13. These requests involve diagnostic data for the vehicle that is the subject of this suit, which Plaintiff contends is collected by vehicle manufacturers, such as GM, like "'vehicle diagnostic information' and 'mileage, oil/battery status, ignition, window, door/trunk lock status,' as well as 'service history, mileage, and diagnostic information [obtained] through connected vehicle systems and dealership networks."[7] Plaintiff contends that GM's U.S. Consumer Privacy Statement ("Privacy Statement") references that it collects this diagnostic information, but GM has not produced it.[8]

During the conference, defense counsel stated that, after the Motion was filed, GM produced information about the vehicle that it compiled from its dealerships, which includes warranty, vehicle history and repair information, including diagnostic codes and information ("DPCs").  Counsel stated that she inquired with GM regarding the information referred to in its Privacy Statement and whether it is different than what was already produced. Counsel also sought an affidavit from GM to resolve the issue, but had not yet received a response.

Plaintiff stated that not all dealership records contain DPC codes, and the information he seeks is all the information regarding the vehicle, not just the information retained by the dealerships that perform repairs on the vehicle. Plaintiff's counsel represented at the conference

---

[5] R. Doc. 14, pp. 3-5.

[6] R. Doc. 16.

[7] R. Doc. 14, p. 2 and R. Doc. 14-1, p. 5.

[8] R. Doc. 14-2.

2

that he has received similar from other manufacturers, but that an affidavit confirming GM does not possess any additional responsive information would resolve the Motion. GM's counsel stated that she would renew her inquiry regarding whether her client possesses any additional information responsive to Plaintiff's requests.

GM was ordered to advise Plaintiff regarding the status of production and/or provide Plaintiff with an affidavit confirming that the information produced comprises all information responsive to Plaintiff's requests on or before July 25, 2025. Plaintiff was ordered to file a notice stating whether the Motion was amicably resolved on or before July 30, 2025. If the parties were unable to resolve the Motion, GM's opposition to the Motion was to be filed by the time period set forth in the Local Civil Rules, *i.e.*, July 31, 2025. According to Plaintiff's July 30, 2025 Notice, GM did not provide Plaintiff with an affidavit.[9] GM also did not file an opposition to the Motion, and the time period to do so has now passed.

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense[10] and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[11] A court must additionally limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii)

---

[9] R. Doc. 17.

[10] *Crosby v. Louisiana Health Service and Indem. Co.,* 647 F.3d 258, 262 (5th Cir. 2011) ("Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'"), citing Fed. R. Civ. P. 26(b)(1) and *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982).

[11] Fed. R. Civ. P. 26(b)(1).

the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[12] Furthermore, "[i]t is well settled law that magistrate judges are afforded broad discretion in ruling on discovery matters."[13]

Interrogatories 9, 10 and 12 seek "data fields and categories of information [GM] collects and stores" for the vehicle; GM's "methods and processes to collect, store, and maintain data related to the performance, usage, maintenance, and diagnostics of" the vehicle, and identification of "Diagnostic Trouble Codes disclosed by diagnostic data" collected from the vehicle.[14] Similarly, Requests for Production 3 and 13 seek production of the diagnostic maintenance data that GM collected for the vehicle.[15] GM responded with boilerplate objections and objections to requests for documents outside of its control, but stated it would search for and produce "customer service communication log records" and "warranty service records" in response to the Interrogatories, and "warranty service records" and/or "repair orders" in response to the Requests for Production. However, GM's responded to many other requests with these same responses, and did not specifically address Plaintiff's requests for diagnostic data falling outside of the records it stated it would produce, if located. GM also did not provide an affidavit or oppose Plaintiff's Motion and state that the diagnostic data Plaintiff requested, which Plaintiff based on GM's Privacy Statement, does not exist.

"Generally, the scope of discovery is broad and permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense," unless the burden of

---

[12] Fed. R. Civ. P. 26(b)(2)(C).

[13] *Albemarle Corp. v. Chemtura Corp.,* No. 05-1239, 2008 WL 11351528, at *1 (M.D. La. Apr. 22, 2008), citing *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013 (5th Cir. 1981).

[14] R. Doc. 14-3, pp. 6-7.

[15] R. Doc. 14-3, pp. 12, 15.

production is not proportional to the case, considering the factors under Fed. R. Civ. P. 26(b)(1).[16] "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'"[17] "For purposes of discovery, relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party."[18] Furthermore, "[g]eneral, boilerplate, unsupported objections that fail to state their grounds with specificity are improper and result in waiver of those objections."[19] "An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request."[20]

Here, Plaintiff's requests are for nonprivileged information that is relevant to Plaintiff's claim that the GM vehicle he bought was defective, as the information could reflect that GM collected diagnostic data about the vehicle that indicated defects. The scope of the information requested is also proportional to the needs of the case within the scope of Fed. R. Civ. P. 26. There has been no showing that the burden on GM to produce the information outweighs its benefit, or the presence of any other factor that would outweigh its benefit or otherwise prejudice GM. Finally, the boilerplate objections GM asserted in response to the discovery requests are overruled as they are not sufficiently detailed.

Accordingly,

---

[16] *Crosby,* 647 F.3d at 262, 264.

[17] *Id*. at 262.

[18] *Chisum v. Mercedes-Benz USA, LLC,* 534 F.Supp.3d 608, 614 (M.D. La. 2021) (citations omitted).

[19] *First Baptist Church of Kenner v. Safepoint Ins. Co.,* No. 23-2858, 2025 WL 2576385, at *2 (E.D. La. Sept. 5, 2025) citing *Lee v. Aramark Facility Servs., LLC,* No. 20-2049, 2021 WL 6070448, at *3 (E.D. La. July 15, 2021).

[20] *Id.*, citing *Weatherspoon v. 739 Iberville, LLC*, No. 21-225, 2022 WL 824618, at *5 (E.D. La. Mar. 18, 2022).

**IT IS ORDERED** that the Motion to Compel Discovery Responses,[21] filed by Plaintiff Reggie Collier, is **GRANTED IN PART.** On or before **October 10, 2025**, Defendant General Motors, LLC shall provide to Plaintiff Reggie Collier adequate responses to Interrogatories 9, 10, and 12 and shall produce documents responsive to Requests for Production 3 and 13. If no responsive documents exist, Defendant must revise its discovery responses to specifically verify that no responsive documents have been located after a diligent search. All other relief sought in the Motion is **DENIED as moot** based on the parties' representations at the July 22, 2025 telephone conference.

Signed in Baton Rouge, Louisiana, September 26, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] R. Doc. 14.